IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORTEZ D. RICHARDSON and** ) <br> **LARRY R. WETZEL,** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> **vs.** ) <br> ) <br> **JOHN BARICIVIC and JAMES FULD,** ) <br> ) <br>     **Defendants.** ) | **CIVIL NO. 10-cv-003-DRH** |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Plaintiffs, inmates in the St. Clair County Jail, filed this action using this District's form for a civil rights action, but on the first page they state that their claim is "habeas corpus detainer." The actual statement of claim (Doc. 1, page 4) is brief, but it adds to the confusion:

> Now comes defendant Larry R. Wetzel et. al. of duties owed and denied by John Baricivic willfully & wantonly with malice to cause deprivation of rights claimed timely and properly of use of copier, phone, library, chapel, notary, et al. Claim due process & equal protection writ habeas corpus unlawful detainer in St. Clair County Jail. Claim redress of duties 2,500,000.00 dollars and release county jail by right. Claim the right to amend complaint if needed.

In their prayer for relief (Doc. 1, page 6), Plaintiffs state:

> Claim: Illegal detention by right after notice of appeal was given and Mt. Vernon docketed law suits. Demand release by right, due process violation by John Baricivic's unlawful order to James Fult with knowledge willfully and wantonly with malice violation the Defendants rights over objections. See common law records for request to transfer under U.S.C. 1446 but not limited to claim: prosecutorial misconduct but not limited to, by James Fult.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

If Plaintiffs are seeking release from custody, they may seek a federal remedy through habeas corpus, 28 U.S.C. § 2254. However, before coming to federal court, Plaintiffs must first present all of their claims through the Illinois courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1998); *Spreitzer v. Schomig*, 219 F.3d 639 , 644-45 (7th Cir. 2000).

If, on the other hand, Plaintiffs are seeking monetary damages for an allegedly unconstitutional detention, they may find a remedy in federal court under civil rights jurisdiction. 42 U.S.C. § 1982. However, Plaintiffs have "no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 488 (1994).

In short, whether Plaintiffs seek a remedy under habeas corpus or civil rights law, they have failed to state a claim upon which relief may be granted.  Until such time as they have exhausted their remedies through the state courts, this Court has no jurisdiction to rule on their claims.  Accordingly, this action is **DISMISSED** with prejudice.  Each Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   July 22, 2010.**

 /s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**